# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SONIA M. GALINDO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 04-01108-CV-W-FJG |
| AMERICAN PARAMEDICAL, SERVICES, INC. | ) ) ) ) |
| Defendant. | ) ) |

# ORDER

Currently pending before the Court is defendant's Second Renewed Motion to Dismiss (Doc. No. 60). Defendant seeks to dismiss this case because it has been stayed since November 28, 2005 due to plaintiff's mental incompetency. The Court will consider this motion below.

**I.   Background**

This is an employment discrimination action. Plaintiff Sonia Galindo, an Emergency Medical Technician ("EMT"), employed by defendant American Paramedical Services, alleges both sex discrimination and sexual harassment in violation of Title VII and the Missouri Human Rights Act. Plaintiff seeks reinstatement to her position as an EMT or in the alternative front pay, benefits, back wages, and vested pension benefits. Plaintiff also seeks compensatory and punitive damages as well as attorney's fees.

On November 28, 2005, plaintiff's counsel requested a stay of this matter due to plaintiff's mental capacity to proceed with this case (Doc. No. 30). Plaintiff's counsel had stated in the motion that plaintiff was arrested on October 28, 2005 and charged with Murder

in the First Degree and Armed Criminal Action.[1] Plaintiff's counsel further stated that plaintiff's criminal defense attorney filed a motion for mental examination and determination of fitness to stand trial. Because plaintiff's incompetency was in question and needed to be evaluated, this Court granted plaintiff's motion to stay on November 29, 2005 (Doc. No. 31) and ordered plaintiff to provide status reports to the Court. Plaintiff has consistently provided status reports to the Court. Each of the status reports have maintained that plaintiff remains at a state mental health facility at Fulton, Missouri and that she remains incompetent to stand criminal trial (Status Reports, Docs. No. 33, 35, 37, 45, 53 and 59).

Because this case has been at a standstill due to plaintiff's incompetency, defendant filed a motion to dismiss this case on July 17, 2007 (Doc. No. 39). On September 5, 2007, the Court provisionally denied defendant's motion to dismiss and ordered that a status teleconference be held in this case. At the teleconference held on September 12, 2007, the Court discussed with the parties the option of appointing a guardian for plaintiff. Plaintiff's counsel indicated that guardianship proceedings could not proceed without a finding of permanent incompetency. The Court then ordered that plaintiff filed a status report on October 24, 2007 providing an update of plaintiff's competency and the progress of guardian appointment proceedings. Plaintiff's counsel timely filed a status report on the October deadline and stated that plaintiff remains incompetent to stand trial, but that there was no finding of permanent incompetency. Plaintiff requested a stay of the matter until plaintiff's next mental evaluation. As a result of the status report, defendant again filed a

---

[1] Plaintiff's criminal case is pending in State v. Galindo, Case No. 0516-CR-07299 in Jackson County, Missouri. On February 3, 2006, the Honorable Jay A. Daugherty signed an Order committing Galindo to the Department of Mental Health and found that she was incompetent to proceed.

2

motion to dismiss this matter on November 7, 2007 (Doc. No. 55) because a continued stay of the matter would prejudice defendant's rights to adequately defend this case. The Court held a second teleconference in this matter on November 13, 2007 in order to determine whether dismissal of this case was appropriate. On that same day, the Court issued an Order stating it would wait until plaintiff's next mental evaluation in March 2008 before determining whether plaintiff's case should be dismissed (Doc. No. 58).

On March 28, 2008, plaintiff's counsel filed a status report stating that plaintiff's guardianship proceedings cannot begin because plaintiff was not found to be permanently incompetent (Doc. No. 59). Plaintiff's counsel further stated that plaintiff remains committed to the Department of Mental Health and is still a resident at Fulton State Hospital. The Department of Mental Health conducted a six-month review of plaintiff and determined she was still deemed incompetent to stand trial. Plaintiff expects that the Department is going to request another six month review of plaintiff and that a finding of permanent incompetence will not be found. Since plaintiff's mental incompetency remains in question, plaintiff's attorney requested a continuing stay of discovery. Because there has been no change in plaintiff's competency and this case has remained stayed, defendant filed a third motion to dismiss on March 28, 2008 (Doc. No. 60) for the same reasons stated in defendant's previous motions to dismiss. The Court held a teleconference in this matter on June 25, 2008 in order to determine how best to proceed in this matter.

## II. Discussion

For all the reasons defendant has previously stated in its motion to dismiss, defendant argues for dismissal of this case. Defendant argues this case should be dismissed for the following reasons: (1) this matter has been continually stayed since

3

November 29, 2005 due to plaintiff's incompetency; (2) plaintiff's mental status remains unchanged; and (3) the continued stay of this matter highly prejudices defendant because memories of witnesses are fading and defendant is incurring substantial costs in attempts to remain in contact with witnesses.

Plaintiff responds that if this Court were to dismiss plaintiff's case, plaintiff would lose her opportunity to prosecute this case because Title VII Complaints must be filed within ninety days from an EEOC Right-to-Sue notice and the ninety day time period has long since expired in this case.

Upon the Court's consideration of defendant's motion and the special circumstances presented by plaintiff's incompetency to proceed in this action, the Court has determined that dismissal of this matter is appropriate. This matter has been stayed since November 2005 and plaintiff's competency status has not changed for almost three years. Plaintiff remains incompetent to proceed with this case and there is no indication that plaintiff's competency will change in the near future. The Court can no longer stay this matter and continually receive the same status updates that plaintiff remains incompetent, but has not been found permanently incompetent. Further, the Court has considered alternative options such as appointing plaintiff's counsel as her guardian, but the parties in this matter agree that such an action will not move this case along. Therefore, the Court hereby **DISMISSES** plaintiff's case without prejudice. Should the status of plaintiff's competency change in the future, plaintiff may re-file her action.

### III. Conclusion

Accordingly, for the foregoing reasons, defendant's Second Renewed Motion to Dismiss (Doc. No. 60) is **GRANTED** and this matter is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Date: 6/30/08  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge